UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ROBERT G. MODRALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:14-cv-130-CLC-SKL |
| | ) | |
| | ) | |
| HAMILTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Robert G. Modrall's motions for leave to proceed *in forma pauperis* [Doc. 2 & 5]. Due to deficiencies in his original complaint and motion to proceed *in forma pauperis*, Plaintiff was given an opportunity to submit both an amended complaint that states a cognizable claim for relief and additional information to clarify his assets, liabilities, and monthly expenses in support of his motion for leave to proceed *in forma pauperis*. This report will focus on the amended complaint [Doc. 4] and the most recent motion for leave to proceed *in forma pauperis* [Doc. 5].

Title 28 U.S.C. § 1915 authorizes a court to allow an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed *in forma pauperis* is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R. G. Smith Co.*, 915 F.3d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed *in forma pauperis* is to show, by affidavit,

he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed *in forma pauperis* is sufficient if it shows the petitioner's financial situation will not permit him to pay for the costs of the litigation and also be able to provide the necessities of life for himself and his dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's affidavit does not show he is unable to pay the $400.00 filing fee while still providing the necessities of life for himself. It appears he has no dependents. Plaintiff has assets in a checking account, a savings account, a retirement account, and stocks or bonds sufficient to pay the filing fee in total. He lives with his parents who pay all of his monthly expenses. He also has a steady job earning approximately $888.00 per month while he is enrolled in graduate school. Although Plaintiff has debt, he has not shown he does not have funds to pay the filing fee from his saved funds or monthly income. Accordingly, I **RECOMMEND** Plaintiff's motions for leave to proceed *in forma pauperis* [Doc. 2 & 5] be **DENIED**.[1]

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), a district court may dismiss a complaint as frivolous if it fails to state a claim upon which relief may be granted. *See Neitzke*, 490 U.S. at 324. The numerous deficiencies of Plaintiff's original complaint were set forth in the Court's prior order [Doc. 3], and will not be repeated herein. Suffice it to say, the amended complaint fairs no better. It is impossible to discern any legally cognizable claims from the 34-page amended

---

[1 and 2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

complaint, which has 39 pages of exhibits. Simply put, it appears the amended complaint is frivolous and there is no cognizable claim for which Plaintiff may be granted any of the relief he seeks, which Plaintiff describes as "restitution in the amount of $100 million, a Presidential Medal of Freedom with Distinction, and a Nobel Peace Prize." [Doc. 5, Page ID # 111]. Accordingly, if Plaintiff pays the filing fee, I also **RECOMMEND** the amended complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE